IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ORLANDO BETHEL,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  CIVIL ACTION 06-0707-WS-B |
| | ) |
| **CITY OF ROBERTSDALE,** | ) |
| **ALABAMA,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiffs Orlando and Glynis Bethel, proceeding *pro se*, filed a Complaint (doc. 1) against the City of Robertsdale, Alabama and 18 other defendants on October 20, 2006. They did not pay the requisite $350 filing fee, but instead filed a Motion for Leave to Proceed without Prepayment of Fees (doc. 2).

On December 29, 2006, Magistrate Judge Sonja F. Bivins entered an Order (doc. 6) explaining that plaintiffs' IFP motion was inadequate to enable her to discern specific sources and amounts of income actually available to plaintiffs. For that reason, Judge Bivins directed plaintiffs to file, under penalty of perjury, an amended motion to proceed without prepayment of fees which accurately reflects all sources and amounts of income received by plaintiffs from August 2006 through December 2006, and also delineates approximate dates for each of the recent expenditures described in the motion. Judge Bivins set a deadline of January 17, 2007 for plaintiffs to file their amended IFP motion. In an Order (doc. 8) dated January 4, 2007, the undersigned reiterated that deadline and specifically indicated that plaintiffs "remain subject to that January 17 deadline for submitting an amended IFP motion." (Doc. 8, at 1.)

Notwithstanding these clear directives, plaintiffs have failed to file their amended IFP motion, or even to request an extension of time to do so. As a result, this case has lain dormant on this Court's

docket for more than three months.  Plaintiffs have failed to pay the requisite filing fee.  They have failed to file a sufficiently detailed IFP petition to enable Judge Bivins to ascertain whether plaintiffs satisfy the indigence requirement.  Through these omissions, plaintiffs have prevented this case from even reaching the stage where service of process might be appropriate.

District courts possess inherent power to sanction errant litigants before them.  *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  These incidental, inherent powers unquestionably include the power to dismiss an action for failure to prosecute.  *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (court "has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation"); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district judge's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion); *see generally McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion.").  Indeed, Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."  *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

In the opinion of the Court, dismissal without prejudice is an appropriate sanction here.  Plaintiffs have undertaken no meaningful activity to prosecute their claims in this action.  They have disregarded clear deadlines set by Magistrate Judge Bivins and reinforced by the undersigned.  And

they have failed to furnish specific information that is reasonably necessary to evaluate and rule upon their request to proceed without prepayment of costs. It is no excuse that plaintiffs are proceeding in this matter without the benefit of retained counsel. After all, the law is clear that while plaintiffs' *pro se* status entitles them to deferential treatment, it does not excuse them from compliance with litigation deadlines or court orders. *See, e.g.,* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); *Coffey v. United States*, 939 F. Supp. 185, 189 (E.D.N.Y. 1996) (noting that courts must make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights, but that *pro se* status does not exempt a party from compliance with procedural and substantive law). Moreover, under the circumstances, the Court concludes that lesser sanctions than dismissal without prejudice would be inappropriate and inadequate. Plaintiffs having ignored multiple orders relating to the IFP petition, there is no reason to believe that any further orders or directives would have a salutary effect or prompt the submittal of the missing information.

For all of the foregoing reasons, this action is hereby **dismissed without prejudice** for failure to prosecute, failure to comply with court-ordered deadlines, and failure to submit specific requested information that is reasonably needed to assess plaintiffs' request to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915. A separate judgment will enter.

DONE and ORDERED this 23rd day of January, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE